ON REHEARING
PER CURIAM.
Following the rendition of our original opinion, the Board of Commissioners of the Orleans Levee District (the Board) and John F. Ales, in his capacity as Secretary of the Department of Natural Resources of the State of Louisiana and the Department of Natural Resources of the State of Louisiana (collectively referred to as the Department), timely filed applications for rehearing. ■ On February 12, 1993, this court granted a rehearing and ordered the parties to file supplemental briefs addressing the exact point in time when the property located within the Bohemia Spillway was dedicated to the public.[1]
The application of the Department complains that the original opinion of this court was unclear as to its ruling on the “subject-to-litigation tracts” and confusing and contradictory in deciding when dedication occurs as concerns the “tax-adjudicated tracts.” The Department reasons that, if a determination as to when the lands within the Bohemia Spillway were dedicated to the public requires both actual acquisition and construction and use of the spillway, then redemption of the tax-adjudicated tracts would not be precluded until 1926 when the spillway became an accomplished fact, citing Richardson & Bass v. Board of Levee Commissioners of the Orleans Levee District, 231 La. 299, 91 So.2d 353 (1956).
The application of the Levee Board contends that the original ruling of this court deviates from the supreme court decision in Emery v. Orleans Levee Board, 207 La. 386, 21 So.2d 418 (1945), and that this court erred in not finding that Act 99 of 1924 constituted a statutory dedication of state lands embraced within the area of the Bohemia Spillway.[2] The Board reasons *839 that Emery holds that Act 99 of 1924 was a statutory dedication of the lands within the proposed Bohemia Spillway to the public, such that redemption of the tax-adjudicated tracts after the effective date of the act was precluded. Further, the Board contends that this court erred in failing to peruse the spirit of Acts 1984, No. 233 with regard to the subject-to-litigation tracts.
DISCUSSION
All of the facts have been set forth in our original opinion, thus making it unnecessary to repeat them in this rehearing per curiam.
A. Tax-Adjudicated Tracts
This court granted a rehearing in this case, in part, to determine when the property located within the Bohemia Spillway was dedicated to the public such that redemption was precluded.
Upon reflection and study of the jurisprudence and the legislation enacted regarding the property within the Bohemia Spillway, we now find that our original opinion was in error in concluding that the lands of the Bohemia Spillway were not actually dedicated to the public until May 20, 1925. The Board’s resolution of May 20, 1925, did not effect a dedication of the property to public use. Having determined that the property was not dedicated by the resolution on May 20, 1925, we must determine the moment in time when the dedication occurred.
We acknowledge that isolated passages in the Louisiana Supreme Court’s opinion in Emery v. Orleans Levee Board, 207 La. 386, 21 So.2d 418, on original hearing and on the rehearing, suggest that by Acts 1924, No. 99, the Louisiana Legislature dedicated the tax-adjudicated lands located within the spillway to the public for use as a spillway. However, Emery does not hold that the passage of Act 99 of 1924 was of itself a statutory dedication of tax-adjudicated property to the public. The attempted redemption of the property in Emery occurred in 1938, long after the construction and use of the spillway. The court in Emery determined that the creation of the spillway ultimately resulted in a dedication of the land therein to public use. The court noted “that Acts 99 of 1924 and 160 of 1926 clearly show that the lands were to be set aside for the spillway, thereby removed from commerce, and the construction and use of the spillway thereafter constituted a ... [dedication].” (emphasis added). Emery v. Orleans Levee Board, 21 So.2d at 422.[3]
In determining whether the land within the spillway had been dedicated to the public, the court in Emery examined the use of the land and determined that the “construction and use” of the spillway constituted a dedication to public use. The court did not determine that expropriated land is presumed to be dedicated to public use as of the effective date of the act authorizing the expropriation. Moreover, in 1942, the Louisiana Legislature adopted Act 311, which provided, in pertinent part, “[t]hat the *840 right, title, ownership and possession of the Board of Levee Commissioners of the Orleans Levee District to all public lands in the area of the Bohemia Spillway ... be now confirmed, quieted and acknowledged, it being recognized that said rights, ownership and possession came into existence when said Orleans Levee Board located and constructed said Bohemia Spillway....”
Further, isolated passages in Richardson & Bass suggest that, upon completion of the Bohemia Spillway, the spillway became public property, dedicated to meet the public emergency which prompted the passage of Act 99 of 1924. The property involved in Richardson & Bass formerly belonged to the Grand Prairie Levee District. The Louisiana Supreme Court determined that the passage of Acts 1924, No. 99, which authorized the construction of the Bohemia Spillway, did not divest the Grand Prairie Levee District of its prior ownership of land within that area. It is inconceivable that some, but not all state owned property would have been dedicated to the public by the passage of Acts 1924, No. 99, if the passage of the act constituted a statutory dedication.
Therefore, we conclude that Act 99 of 1924 was a not statutory dedication of the state lands embraced within the area of the Bohemia Spillway. Whether a dedication occurs or not depends upon the facts of each case. The tax-adjudicated lands lying within the Bohemia Spillway were not actually dedicated to the public until after the acquisition of the lands and the construction and use of the spillway in 1926, and redemption would not have been precluded for any property adjudicated to the state for non-payment of taxes redeemed prior to that time. Any acquisitions by the Board of tax-adjudicated property, redeemed prior to 1926, were acquired by the Board by expropriation or under threat of expropriation in its effort to create the spillway. Therefore, the successors in interest to those properties, which were acquired by the Board by expropriation or under threat of expropriation, are entitled to the benefits of Act 233 of 1984, as amended, and Act 819 of 1985.
Accordingly, we find that tracts 015, 022, 028, 030, 045, 099, 102, 105, 106, 108, 110, 115, 120, 129, 133, 140, 142, 143, 148, 149, 157, 158, 177, 179, 196, 205, and 210 fall within the scope of Act 233 of 1984. These tracts were timely redeemed, were acquired by the Levee Board by expropriation or under threat of expropriation, and are subject to return to the original owners or their successors in interest. Therefore, the Department has the authority to certify claims as to these tracts.
B. Subject-to-Litigation Tracts.
In its application for rehearing, the Department contends that the original opinion is unclear as to whether tracts 196 to 214 can be certified once the litigation involving such tracts has been finally concluded. The Department further argues that the “pending litigation,” which was the basis for the Board’s position on this issue, has been concluded and that the Secretary and the Department “are somewhat hesitant to proceed with the certification of any claims without a judicial finding that the circumstances which may have originally prohibited any certification no longer exists.”
It was our intention, and we thought it had been made clear, that, under the provisions of Act 233 of 1984, these tracts could not be excluded from certification by the Department solely because they were the subject of litigation on the effective date of Act 233 (June 29, 1984). However, there is nothing in the record from which we can determine whether the litigation has been finally resolved with regard to tracts 196 to 214. If pending litigation has been concluded and any of these tracts meet the criteria for certification set forth in this per curiam opinion on rehearing, then the Department may certify the tracts. Moreover, if the litigation has been concluded, but any of the tracts do not meet the criteria for certification, then the tract cannot be certified by the Department. However, if the litigation has not been concluded, the tracts cannot be certified.
*841 Although we acknowledge the Department’s hesitancy to proceed with certification without an order of the court, the Department is, in essence, requesting a declaratory judgment, declaring that tracts 196 and 214 can be certified. However, this issue was not raised by the pleadings before the trial court and cannot be addressed by this court on appeal.
CONCLUSION
For the reasons set forth in this per curiam opinion and those assigned in our opinion on original hearing, our original order is amended as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of the plaintiff, The Board of Commissioners of the Orleans Levee District and against the defendants, the Secretary of The Department of Natural Resources of the State of Louisiana and The Department of Natural Resources of the State of Louisiana, declaring that all land in the Bohemia Spillway owned by the State of Louisiana in 1926 (the time of the dedication of the spillway to public use), including all lands adjudicated to the state which had not been redeemed on or before that date, was dedicated to public use and purposes by said date, and was set aside and removed from commerce and title thereto passed unto the plaintiff as of that date; and further declaring that, because the landowner from whom the property was adjudicated for non-payment of taxes was without any right to redeem it after this date, said land, having been withdrawn from the redemptive statutes by dedication was not subject to redemption, was not acquired from the owners by plaintiff by expropriation or by purchase under threat of expropriation and, therefore, is not within the Secretary’s jurisdiction and authority to certify claims to tract 214.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be judgment declaring that the title to tracts of land numbered 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, and 214 were subject to litigation on the effective date of Act 233 of 1984 and are not subject to certification by the Secretary of the Department until the pending litigation regarding these tracts has been resolved. Thereafter, the Department may proceed with the certification as required by Act 233 of 1984.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Secretary of The Department of Natural Resources of the State of Louisiana, their agents, officers, employees and attorneys, be and they are hereby preliminarily and permanently restrained, enjoined, and prohibited from certifying any and all claims to the tract of land in the Bohemia Spillway numbered 214, until such time as a constitutional amendment allowing the certification of such tract, which was acquired by act of convenience, including by sale or transfer subsequent to an adjudication to the state for non-payment of taxes, has been passed.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Secretary of The Department of Natural Resources of the State of Louisiana, their agents, officers, employees and attorneys, be and they are hereby preliminarily and permanently restrained, enjoined, and prohibited from certifying any and all claims to the following tracts of land in the Bohemia Spillway numbered as follows, until such time as the current litigation involving these tracts has been concluded in favor of The Board of Commissioners of the Orleans Levee District. However, if the current litigation has been concluded in favor of the Board of Commissioners of the Orleans Levee District and the criteria for certification as set forth in this opinion has been met, then the Secretary and the Department are ordered to proceed with the certification of claims to qualifying tracts. The tracts which may be affected are as follows:
196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, and 214.
*842 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the certifications by the Secretary and The Department of Natural Resources of the State of Louisiana of Tracts 133, 205, and 210, pursuant to Act 233 of 1984 as amended by Act 819 of 1985, be and the same are hereby recalled, vacated, and set aside and declared to have no effect.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of the intervenors’ petitions for a writ of mandamus to issue herein ordering The Board of Commissioners of the Orleans Levee District to transfer the ownership of Tracts 15 and 115 to Gulf Coast Oyster Company, Ltd. and St. Paul’s Episcopal Church and ordering The Board of Commissioners of the Orleans Levee District to transfer the ownership of Tracts 102, 105, and 108 to the heirs of Bernard Favret.
In all other respects, the applications for rehearing are denied.
REHEARINGS GRANTED IN PART AND DENIED IN PART.

. The Department and the Board filed supplemental briefs on February 22, 1993, however, none of the intervenors filed a supplemental brief with this court.

. In the application for rehearing filed by the *839 Board, the Board set forth the following errors:
a. The Court erred in failing to find that Act 99 of 1924 was a statutory dedication of State lands embraced within the area of the Bohemia Spillway. Emery v. Orleans Levee Board, 207 La. 386, 21 So.2d 418.
b. The Court erred in finding that the State lands in the Bohemia Spillway were not actually dedicated to public use until after the acquisition of the lands and the construction of the spillway. Emery v. Orleans Levee Board, 207 La. 386, 21 So.2d 418.
c. The Court erred in finding that the exact moment at which the State property in Bohemia became dedicated to public use had not yet been determined by the courts. Emery v. Orleans Levee Board, 207 La. 386, 21 So.2d 418.
d. The Court erred in finding that the Levee Board was required to take some type of action, such as a resolution, to acquire title to the State lands embraced within the area of the Spillway and dedicated by Act 99 of 1924. Emery v. Orleans Levee Board, 207 La. 386, 21 So.2d 418.
e. The Court erred in finding that tracts 015, 028, 030, 102, 105, 108, 110, 115, 120, 157 and 158 were timely redeemed. Emery v. Orleans Levee Board, 207 La. 386, 21 So.2d 418.
However, the basic issue is when the state lands were dedicated to public use.

. The word "deduction" rather than "dedication” is used in both the Southern Second and the Louisiana Reports versions of the quoted text.